UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| In Re: | )<br>)<br>) |
| **ELLIOTT BLAKE FRANKS** and<br>**SARAH NICOLE FRANKS,** | )  Case No. 21-10516-JLC<br>)  Chapter 7<br>) |
| Debtors. | )<br>) |
| **THE HARDIN COUNTY BANK,** | )<br>)<br>) |
| Movant, | )<br>) |
| vs. | )<br>) |
| **ELLIOTT BLAKE FRANKS, SARAH NICOLE FRANKS, and MARIANNA WILLIAMS, as Trustee** | )<br>)<br>) |
| Respondents. | )<br>)<br>) |

### MOTION TO TERMINATE THE AUTOMATIC STAY

COMES NOW Movant The Hardin County Bank ("HCB"), by and through the undersigned counsel, pursuant to Section 362(d)(1) of Title 11 of the United States Code ("Bankruptcy Code"), the Local Bankruptcy Rules of the United States Bankruptcy Court for the Western District of Tennessee, and Rule 4001 of the Federal Rules of Bankruptcy Procedure, and respectfully moves this Court for the entry of an order terminating or modifying the automatic stay to allow HCB to intervene in state court litigation that was pending prior to the instant bankruptcy case filed by Elliott Blake Franks and Sarah Nicole Franks (collectively, "Debtors"). In further support of this Motion, HCB states as follows:

**JURISDICTION AND VENUE**

1.  This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334.  Venue in this Court is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2.  This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(G), and this Court has the authority and power to enter a final order in this contested matter.

**RELEVANT BACKGROUND FACTS AND PROCEDURAL HISTORY**

3.  The Debtors filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code in the United States Bankruptcy Court for the Western District of Tennessee on June 11, 2021 ("Petition Date").

4.  On or about June 1, 2018, Debtors executed that certain Consumer Note in the original principal amount of $141,348.99 ("Original Note") in favor of HCB, whereby Debtors obtained a loan ("Loan") from HCB.  A true and correct copy of the Original Note is attached hereto and incorporated herein as Exhibit A.

5.  Subsequently, on August 30, 2018, Debtors executed a second Consumer Note in favor of HCB in the original principal amount of $161,419.53 ("First Renewal Note").  The Second Note was a refinancing of the Original Note.  A true and correct copy of the First Renewal Note is attached hereto as Exhibit B.

6.  On October 9, 2018, Debtors executed that certain third Consumer Note in favor of HCB in the original principal amount of $182,312.21 ("Second Renewal Note") in order to refinance the Original Note and the First Renewal Note.  A true and correct copy of the Second Renewal Note is attached hereto as Exhibit C.

MLH02 4838-6636-6451
2824112-000023

7. The Original Note, First Renewal Note, and Second Renewal Note are collectively referred to herein as the "Note."

8. On May 28, 2019, Debtors entered into that certain Loan Modification Agreement with HCB ("First Modification"), wherein HCB extended the Maturity Date under the Note to May 28, 2020. A true and correct copy of the First Modification is attached hereto as Exhibit D.

9. Again, on May 28, 2020, Debtors executed that certain second Loan Modification Agreement with HCB ("Second Modification"), wherein the Maturity Date of the Note was further extended to May 28, 2021. A true and correct copy of the Second Modification is attached hereto as Exhibit E.

10. To secure the indebtedness evidenced by the Note (and all subsequent amendments, renewals and modifications thereto), Debtors executed that certain Line of Credit Deed of Trust ("Deed of Trust"), dated June 1, 2018, and recorded on June 5, 2018, as Instrument Number 136094, at Page 133 of Record Book 689, in the Register's Office of Hardin County, Tennessee ("Register's Office") conveying interest in the real property located at 190 Carpenter Lane, Savannah, Tennessee 38372 ("Property"). A true and correct copy of the Deed of Trust is attached hereto as Exhibit F.

11. On August 30, 2018, in connection with the execution of the First Renewal Note, Debtors executed that certain Modification of Deed of Trust ("Deed of Trust Modification"), wherein the indebtedness evidenced by the Deed of Trust was increased by the amount of $20,073.54 for a total of $161,419.53. The Deed of Trust Modification was recorded on August 31, 2018, as Instrument Number 137522, at Page 601 of Record Book 694 in the Register's Office. A true and correct copy of the Deed of Trust Modification is attached hereto as Exhibit G.

MLH02 4838-6636-6451
2824112-000023

12. The Original Note, First Renewal Note, Second Renewal Note, First Modification, Second Modification, Deed of Trust, and Deed of Trust Modification are collectively referred to herein as the "Loan Documents."

13. After obtaining the Loan from HCB but prior to the Petition Date, Debtors filed a Complaint against Defendants Apex Building Company, LLC ("Apex") and Gaco Western, LLC ("Gaco," and with Apex, "State Court Defendants") in the Circuit Court of Hardin County, Tennessee on July 12, 2019 at, as Civil Action No. 2019-CV-27 ("State Court Action"). A true and correct copy of the Complaint initiating the State Court Action is attached hereto as Exhibit H.

14. In the State Court Action, Debtors asserted claims of, *inter alia*, negligence, violations of the Tennessee Consumer Protection Act, and breach of contract against State Court Defendants arising from their alleged installation spray foam insulation at the Property. According to the allegations of the State Court Action, the insulation installed by the State Court Defendants caused various adverse health effects to Debtors and their family members, as well as damages to the Property resulting in the diminution in the value of the Property.

15. Debtors further assert that, as a direct result of the State Court Defendants' negligence, the Property is uninhabitable and requires, "at the very least, major reconstruction or, at worst, demolition." *See* Exhibit H, ¶ 14.

16. As set forth above, the Property that is the subject of the State Court Action serves as collateral for HCB's Loan to the Debtors pursuant to that certain Deed of Trust and Deed of Trust Modification.

17. HCB is not a named party to the State Court Action and, as of the date of this filing, has not sought to intervene.

MLH02 4838-6636-6451
2824112-000023

18. Upon information and belief, the State Court Action is ongoing and has not been resolved either via settlement or final judgment.

19. Prior to filing the State Court Action, though, on May 16, 2019, counsel to Debtors contacted HCB to request that HCB suspend payment requirements for the Debtors on the Loan until Debtors were able to resume regular payments pursuant to the Loan Documents (the "Suspension Request"). A true and correct copy of the Suspension Request is attached hereto as Exhibit I. The Suspension Request was based primarily on the fact that Debtors were allegedly unable to reside in the Property as a result of the spray foam insulation. *See* Exhibit I.

20. Based on the Suspension Request and as a courtesy to Debtors, HCB modified and extended the Maturity Date of the Note as further specifically identified above. Absent request from the Debtors to suspend collection of mortgage payments due to the alleged defective foam spray insulation, HCB would not have extended the maturity of the Note.

21. As of the Petition Date, the amount due and owing under the Loan Documents is $204,222.90.

22. Under the terms of the Deed of Trust, HCB, as beneficiary, is entitled to any proceeds of the State Court Action based upon the damages to or diminution in the value of the Property up to the amount owing on the Note.

## LAW AND ARGUMENT

23. Section 362(d)(1) of the Bankruptcy Code provides in relevant part: "[o]n request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay – (1) for cause. . ." 11 U.S.C. § 362(d)(1).

MLH02 4838-6636-6451
2824112-000023

24. In order to determine if relief from the automatic stay is appropriate to permit an existing state court action to proceed, bankruptcy courts often consider the following relevant factors: (1) whether any prejudice would inure to the bankruptcy estate or to the debtor from the nonbankruptcy litigation, (2) whether any hardship to the plaintiff by the automatic stay outweighs any hardship to the debtor, and (3) whether the non-debtor party has a likelihood of success on the merits in the nonbankruptcy litigation. *See In re Bock Laundry Mach. Co.*, 37 B.R. 564, 566 (Bankr. N.D. Ohio 1984); *see also In re Pro Football Weekly, Inc.*, 60 B.R. 824, 826 (N.D. Ill. 1986).

25. Here, HCB does not seek relief from the automatic stay to pursue any affirmative relief against the Debtors. Rather, HCB simply seeks relief from the automatic stay to allow it to intervene in the State Court Action so that it may protect its rights in the Property, which serves as the only piece of collateral securing the Loan. Intervention in the State Court Action will not result in any prejudice or hardship to the Debtors or to the bankruptcy estate. It will not diminish the bankruptcy estate of the Debtors in any way because HCB is not seeking to recover monetarily from Debtors.

26. Considering the second factor, HCB has already suffered significant harm by way of diminution or complete eradication of the value of its collateral, i.e., the Property. Further, HCB has delayed its rights under the Loan Documents as a courtesy to the Debtors as they pursued the State Court Action. Now, if HCB is not allowed to intervene in the State Court Action, Debtors will obtain a windfall to the extent they recover from the State Court Defendants and do not use the proceeds to pay the outstanding indebtedness due HCB under the Loan Documents. Put simply, HCB is the only party who stands to suffer prejudice if this Motion is denied, and no party will be prejudiced by the Court's granting of this Motion.

MLH02 4838-6636-6451
2824112-000023

27. Finally, HCB has a high likelihood of success on the merits of its intervention request in the State Court Action. HCB has clearly established its rights in the Property and to any proceeds due the Debtors from the Property up to the amount of the outstanding indebtedness owed to HCB under the Loan Documents.

28. Each of the *In re Bock Laundry*, *see supra*, factors weigh heavily in favor of granting HCB relief from the automatic stay in order to intervene in the State Court Action. Put simply, HCB is not seeking any affirmative recovery from Debtors and is, instead, merely seeking to be a party to the State Court Action to ensure its rights in the Property are adequately protected. No harm or prejudice could come to the Debtors, the Debtors' bankruptcy estate, or any other creditors of the bankruptcy estate.

29. Therefore, HCB would submit that relief from the automatic stay is warranted and appropriate under the circumstances herein and should be granted.

30. Rule 4001(a)(3) of the Federal Rules of Bankruptcy Procedure provides that the "order granting a motion for relief from an automatic stay made in accordance with Rule 4001(a)(1) is stayed until the expiration of 14 days after the entry of the order, unless the court orders otherwise." Fed. R. Bankr. P. 4001(a)(3). HCB requests that any order granting HCB relief from the automatic stay be effective immediately and that the 14-day stay period be waived.

## **CONCLUSION**

Based on the foregoing, The Hardin County Bank would request that this Court (1) enter an order terminating or modifying the automatic stay to permit HCB to intervene in the State Court Action in order to protect its interest in the Property; (2) waive any application of Rule 4001(a)(3) of the Federal Rules of Bankruptcy Procedure; and (3) grant HCB any and all other relief at law and in equity that this Court deems appropriate under the circumstances.

MLH02 4838-6636-6451
2824112-000023

        Respectfully Submitted,

        BAKER, DONELSON, BEARMAN,
        CALDWELL & BERKOWITZ, P.C.

        /s/ *E. Franklin Childress, Jr.*
        E. Franklin Childress, Jr. (TNB #007040)
        Locke Houston Waldrop (TNB #033360)
        165 Madison Avenue, Suite 2000
        Memphis, Tennessee 38103
        Telephone: (901) 577-2147
        Fax: (901) 577-0850
        Email: fchildress@bakerdonelson.com
        Email: lwaldrop@bakerdonelson.com

        ***Attorneys for The Hardin County Bank***

## CERTIFICATE OF SERVICE

I hereby certify that on the 28th day of July, 2021, a copy of the foregoing was served on the parties listed below by first-class mail, postage prepaid, unless said party is a registered CM/ECF participant who has consented to electronic notice, and the Notice of Electronic Filing indicates that Notice was electronically mailed to said party:

| | |
|---|---|
| Elliott Blake Franks and<br>Sarah Nicole Franks<br>685 County Home Road<br>Savannah, TN 38372 | Richard H. Walker<br>Walker Walker & Walker<br>P.O. Box 530<br>Lexington, TN 38351 |
| Marianna Williams<br>P.O. Box H<br>Dyersburg, TN 38024-2008 | U.S. Trustee<br>Office of the U.S. Trustee<br>One Memphis Place<br>200 Jefferson Avenue, Suite 400<br>Memphis, TN 38103 |

        /s/ *E. Franklin Childress, Jr.*
        E. Franklin Childress, Jr.

MLH02 4838-6636-6451
2824112-000023