This instrument was prepared by SMITH & SMITH, Attorneys at Law
428 Main Street, Savannah, Tennessee 38372

9/3553

# LINE OF CREDIT DEED OF TRUST

## THIS INSTRUMENT SECURES OBLIGATORY AND OPTIONAL ADVANCES UNDER TCA SECTIONS 47-28-101 ET SEQ.

FOR AND IN CONSIDERATION of the sum of Ten Dollars to us paid, the receipt and sufficiency of which is hereby acknowledged, we, **ELLIOTT B. FRANKS** and spouse, **SARAH N. FRANKS**, have this day bargained and sold and do hereby transfer and convey to Gordon Majors, Trustee (the "Trustee"), whose residence address is Savannah, Tennessee, and his successors in trust, certain property lying and being in the Fifth Civil District of Hardin County, Tennessee. The property herein conveyed is described as follows:

**Map 125, Parcel 050.23**

Beginning at a nail and cap in the centerline intersection of two gravel roads, the same being the southeast corner of Tract #H-12, (owned by Orders), also being the northwest corner of Tract #H-8, and also being the northeast corner of the tract herein described; thence with the centerline of a gravel road as follows: South 76 degrees 54 minutes West 139.4 feet, North 71 degrees West 132.3 feet to a nail and cap; thence leaving road with the southeast boundary line of Tract #H-L2 (owned by Crouse) as follows: South 44 degrees 51 minutes West 73.3 feet to a 10" post oak, South 30 degrees West 85 feet, South 58 degrees 55 minutes West 56 feet to an iron pin; thence with the northeast boundary line of Tract #H-11 (owned by Crouse and Stricklin) as follows: South 67 degrees East 35.5 feet to an 8" red oak, South 53 degrees East 100 feet to a 14" hickory, South 82 degrees 03 minutes East 175 feet to a nail and cap in the centerline of a gravel road; thence North 25 degrees 54 minutes East with road 268.2 feet to the beginning, containing 1.38 acres, more or less gross, subject to road easements. (Description according to prior)

Being the same property conveyed to Elliott Franks and spouse, Sarah Franks by warranty deed of Mark Alan Worley and Kristy Coffey f/k/a Kristy Lee Worley, dated March 26, 2018, and recorded in record book 685, page 288, in the Register's Office of Hardin County, Tennessee.

TO HAVE AND TO HOLD said property unto the Trustee, his successors in trust and assigns, forever.

We covenant with the Trustee, his successors and assigns, that we are lawfully seized and possessed of the above-described tract of land in fee simple, that we have the right to convey the same, and that the same is unencumbered, except subject to restrictive covenants and all other matters of record in deed book 143, page 127, in the Register's Office of Hardin County, Tennessee.

We further covenant and bind ourselves, our heirs and representatives, to warrant and forever defend the title to the above-described tract of land unto the Trustee, his successors in trust and assigns, against the lawful claims of all persons whomsoever.

This conveyance is made in trust for the following use and trust, and no other: We are justly indebted to THE HARDIN COUNTY BANK of Savannah, Tennessee, by our promissory note dated June 1, 2018, in the amount of ONE HUNDRED FORTY-ONE THOUSAND THREE HUNDRED FORTY-EIGHT AND 99/100 DOLLARS ($141,348.99), bearing interest from date as stated therein. Said note is payable according to its terms, with a final payment of the entire unpaid balance of interest and principal due June 1, 2019. This conveyance is made in trust to secure and make certain the payment of said note according to its terms, together with the interest due thereon.

MAXIMUM PRINCIPAL INDEBTEDNESS FOR
TENNESSEE RECORDING TAX PURPOSES IS $141,348.99.

THIS DEED OF TRUST IS AN OPEN-END MORTGAGE AND THE TERM FOR THE DURATION OF THE OPEN-END CREDIT AGREEMENT IS ONE (1) YEAR.

<u>NOTICE TO THE BORROWER</u>: THE BORROWERS UNDER THIS DEED OF TRUST HAVE CERTAIN RIGHTS PURSUANT TO THE PROVISIONS OF CHAPTER 47-28-101 ET SEQ., OF THE

TENNESSEE CODE ANNOTATED, TO REDUCE THE LIMIT ON THE MAXIMUM AMOUNT OF TOTAL PRINCIPAL INDEBTEDNESS TO BE SECURED UNDER THIS DEED OF TRUST.

THIS DEED OF TRUST SECURES OBLIGATORY ADVANCES FOR COMMERCIAL PURPOSES.

Now, if the Grantors shall pay the sums aforesaid when due, according to the terms of the note, then this instrument is to be of no further force or effect. But if the Grantors fail to pay the said sum of money when due as aforesaid, or any part of said sum, according to the terms above expressed, then, upon such default, this conveyance shall remain in full force and effect, and the said Trustee, or his successors in trust, is hereby authorized and empowered, after first advertising for 21 days by 3 weekly notices, giving the time, place and terms of sale, in some newspaper published in the County of Hardin, State of Tennessee, to sell said property at the east door of the Hardin County Courthouse in Savannah, Tennessee, at public outcry to the highest bidder, for cash, and free from the statutory right of redemption and the equity of redemption, homestead, dower and all other exemptions of every kind, which are hereby expressly waived, and the said Trustee, or his successors in trust, is authorized to make a deed to the purchaser. The creditor may bid at any sale under this conveyance.

It is agreed that said Trustee, or his successor, may, at any time after default in any payment required to be made by the terms and conditions of the above-described notes or by the terms and conditions of the above mentioned agreement to make monthly payments, as each falls due respectively, enter and take possession of said property, and shall only account for net rents received by him.

Said Grantors further agree that they will pay on demand to the Bank, or the Bank may at its option add to the principal balance then due, any sums advanced or paid by the Bank for reasonable attorney's fees, including any court costs incurred in prosecuting defending or intervening if any legal or equitable proceeding wherein any of the rights created by this deed of trust are, in the sole judgment of the Bank, jeopardized, or in issue. If foreclosing proceedings of any second mortgage or second trust deed or any junior lien of any kind shall be instituted, the Bank may, at its option, immediately declare its lien and the note which the same secures, due and payable and start such proceedings as may be necessary to protect its interest in the premises.

The said Grantors agree to pay all taxes and assessments levied on the within described property when the same become due and payable, and promptly deliver the official receipts therefor to the Bank or a certificate signed by each taxing official to whom any such taxes or assessments shall be payable, that all such taxes and assessments due to be paid such official have been paid for the current year.

The said Grantors agree to also keep all buildings and improvements now erected on said premises, or hereafter erected thereon, and all equipment attached to or used in connection with the real estate herein encumbered, insured against loss or damage by fire and windstorm in such sums, with insurers, and in an amount approved by the Bank as further security to said mortgage debt, with mortgage clause in form satisfactory to the Bank, and assign and deliver to the said Bank, as issued, with all premiums thereon paid in full, all insurance policies upon said property. In the event of loss or damage to the property herein conveyed either by fire or windstorm, it is agreed that the amount of the loss or damage recoverable under said policy or policies of insurance shall be paid to said Bank, and said Bank is hereby empowered in the name of the Grantors or their assigns, to give a full acquittal for the amount paid, and such amount shall be credited upon the debt herein secured, and if there be an excess, such excess shall be paid by the Bank to the Grantors or their assigns.

It is agreed that if default be made in the payment of any of the aforesaid taxes or assessment or water charges, or in the procuring and maintaining of insurance as above covenanted or in the event of the failure of the Grantors to keep the buildings on said premises and those to be erected on said premises, or improvements thereon, in good repair, said Bank, its successors and assigns, may pay such taxes, assessments, or water charges, effect such insurance, and make such repairs as in its discretion it may deem necessary for the proper preservation thereof; and the sums so paid shall be secured by a lien on said premises under this instrument, payable forthwith, with interest until paid. Failure to pay taxes or maintain insurance as herein provided shall also constitute default hereunder authorizing foreclosure.

It is further agreed that should any default be made in the payment of principal or interest, or in the performance of any other covenant of this instrument or any instrument securing the debts or any part thereof, when the same is payable or the time of performance has arrived, as herein provided, then all the remainder of the aforesaid principal sum with all arrearages of interest, taxes, assessments, insurance premiums and sums paid pursuant to the provisions hereof, shall, at the option of said Bank, its successors and assigns, become immediately payable thereafter, and this instrument or deed of trust may be foreclosed in the manner and upon the terms hereinabove set out, anything hereinbefore or in said notes contained to the contrary notwithstanding,

and any failure to exercise said option shall not constitute a waiver of the right to exercise the same at any other time.

In case of sale under this deed of trust, the proceeds will be applied by the Trustee:

FIRST - To pay all of the costs and charges of executing this trust, including attorney's fees and the expense of any litigation which may arise on account of the execution and enforcement of this trust.

SECOND - To pay said debts, or any balance thereon, then remaining unpaid.

THIRD - The residue to be paid to me, or order.

If Grantors, or any of the Grantors' successor in title, should convey, or agree to convey, the subject property, or any interest therein, to any other party without first obtaining written consent of the Bank, or should a creditor, receiver or Trustee in Bankruptcy obtain any interest in said property, or should any party obtain an interest by Attachment or sale under any Court Order or by any means other than inheritance, the entire principal balance, together with interest accrued thereon, shall become immediately due and payable at the option of the Bank.

The property herein conveyed cannot be further encumbered except upon the written consent and approval of the Bank, its successors or assigns, and in the event the ownership of the premises hereby conveyed, or any part thereof, or interest therein, becomes vested in a person other than the Grantors, the Bank, its successors and assigns, may, at its option, without notice to the Grantors, deal with such successors in interest with reference to this instrument and the debt hereby secured, in the same manner as with the Grantors without in any way vitiating or discharging the Grantors' liability hereunder or upon the debt hereby secured. No sale of the premises hereby conveyed, and no forbearance on the part of the Bank or its assigns, and no extension of the time for the payment of the debt hereby secured shall operate to release, discharge, modify, change or affect the original liability of the Grantors herein either in whole or in part.

In the event the premises, or any part thereof, are taken under the power of eminent domain, the entire award shall be paid to the Bank and applied upon the debt and the Bank is hereby empowered in the name of the Grantors or the Grantors' assigns to receive and give acquittance for any such award or judgment, whether it be joint or several.

It is further specifically agreed that time is of the essence of this contract and that no waiver of any obligation hereunder or of the obligation secured hereby shall at any time thereafter be held to be a waiver of the terms hereof or of any of the instruments secured hereby.

The Grantors further agree that should a sale be made by the Trustee hereunder, they need not personally attend and conduct the same but at their option, they may have the sale conducted by an agent or attorney selected by them.

It is further expressly provided that the Bank, in any event, is hereby authorized at its option to appoint in writing a substitute Trustee to act instead of the Trustee named herein, and to appoint other substitute Trustees successively, during the life of this loan, and such trustee shall each and all succeed to all of the rights and powers of the first Trustee named herein.

In the event of a sale of said property under and by virtue of this trust, the said Grantors and all persons holding under them shall be and become the tenants at will of the purchaser of the same, from and after the execution and delivery of a deed to such purchaser, said tenancy to be determined at the option of said purchaser upon five days written notice.

It is further agreed by said Grantors that the said Trustee, or his successor, may execute the power of sale herein and other powers and rights without giving bond or taking oath.

If more than one joins in the execution hereof as Grantors, or any be of the feminine sex, the pronouns and relative words herein used shall be read as if written in plural or feminine, respectively.

IN ADDITION TO THE NOTE DESCRIBED HEREIN, THIS INSTRUMENT WILL ALSO SECURE ANY RENEWAL OF THE SAME AND ANY OTHER NOTE, ACCOUNT, DEBT OR OBLIGATION WHATSOEVER OF THE GRANTORS, DIRECT OR CONTINGENT, PRESENT OR FUTURE, PRIMARY

OR SECONDARY, NOW OR HEREAFTER OWNED OR HELD BY THE BANK OR BY THE HOLDER OR ASSIGNEE HEREOF.

FAILURE OF GRANTORS TO COMPLY WITH ANY ONE OR MORE OF THE TERMS AND CONDITIONS HEREIN SETFORTH SHALL CONSTITUTE DEFAULT HEREUNDER, AND THE BANK IS HEREBY AUTHORIZED AT ITS OPTION TO PROCEED IN FORECLOSURE HEREOF.

The covenants herein contained shall bind, and the benefits and advantages inure to, the respective heirs, successors and assigns of the parties hereto.

IN WITNESS WHEREOF, we have hereunto signed our names this 1ST day of June, 2018.

_____
ELLIOTT B. FRANKS

_____
SARAH N. FRANKS

STATE OF TENNESSEE

COUNTY OF HARDIN

Personally appeared before me, the undersigned, a Notary Public of the state and county aforesaid, ELLIOTT B. FRANKS and spouse, SARAH N. FRANKS, with whom I am personally acquainted, and who acknowledged that they executed the within instrument for the purposes therein contained.

Witness my hand, at office, this 1ST day of June, 2018.

My commission expires: 7/6/20

_____
NOTARY PUBLIC

Loan Officer:
David Vaughn
The Hardin County Bank
NMLSR ID #412979
Banks NMLS ID #402176

---

**Certification of Electronic Document**

I, JENNIFER LAMBERT, do hereby make oath that I am the custodian of the electronic version of the attached document tendered for registration herewith and that this is a true and correct copy of the original document executed and authenticated according to law.

_____
Signature

State of Tennessee County of Hardin

Personally appeared before me, Angela M. Smith, a notary public for this county and state, JENNIFER LAMBERT, who acknowledges that this certification of an electronic document is true and correct and whose signature I have witnessed.

_____
Notary Signature
MY COMMISSION EXPIRES: 03/17/21

```
                                    Julie Gail Adkisson, Register
                                      Hardin County Tennessee
                            Rec #:  128543    Instrument #: 136094
                            Rec'd:   20.00         Recorded
                            State:  160.25     6/5/2018 at 9:06 AM
                            Clerk:    1.00       in Record Book
                            Other:    2.00
                            Total:  183.25            689
                                              Pages 133-136
```